UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GLOBAL MEDIA NETWORK,

                Plaintiff,

-against-

TIDAL,

                Defendant.

25-CV-0396 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff submitted this action without filing an *in forma pauperis* ("IFP") application or paying the $405.00 in fees required to file a civil action in this court. By order dated February 3, 2025, the Court provided Plaintiff with 30 days to either pay the fees or file an IFP application. Plaintiff neither paid the fees or submitted an IFP application. Accordingly, by order dated March 20, 2025, the Court dismissed this action without prejudice. The Clerk of Court entered judgment on March 21, 2025.

    The Court is now in receipt of a letter from Plaintiff seeking to "reinstate [the] case." (ECF 7.) Plaintiff states that he believed he had until May 5, 2025, to file an IFP application. He does not, however, attach an IFP application. The Court therefore denies Plaintiff's request to reinstate the case.[1]

---

[1] The Court notes that the Federal Rules of Civil Procedure allow for parties to move for reconsideration of a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 6, 2025
         New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge

---

Fed. R. Civ. P. 60(b). Should Plaintiff seek reconsideration of the order of dismissal, he must comply with Rule 60(b) by providing a reason why the Court should reconsider its order.